**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62567-CIV-DAMIAN**

**OLEKSII NECHEPA,**

Petitioner,

v.

**MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, *et al.*,**

Respondents.
______________________________________/

**ORDER REQUIRING SUPPLEMENTAL RESPONSE AND DISMISSING SUPERVISORY RESPONDENTS**

**THIS CAUSE** is before this Court on Petitioner, Oleksii Nechepa's ("Petitioner"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed September 15, 2026. [ECF No. 1 ("Petition")]. On September 18, 2026, this Court entered an Order to Show Cause. [ECF No. 4 ("Show Cause Order")]. Respondents filed a Return/Response to Petition for Writ of Habeas Corpus and Memorandum of Fact and Law in Support of Same [ECF No. 5 ("Response")], on September 24, 2026, and Petitioner filed a Reply [ECF No. 6 ("Reply")], on September 29, 2026.

THE COURT has reviewed the Petition, the Response, the Reply, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

Petitioner alleges that he is detained at the Broward Transitional Center and seeks release or, alternatively, an individualized bond hearing under 8 U.S.C. § 1226(a). Pet. ¶¶ 4–5, at 12–13. Respondents contend that his detention is mandatory under 8 U.S.C. § 1225(b)(2)(A) because he remains an applicant for admission following expiration of his

humanitarian parole. Resp. at 3–11. Petitioner disputes that classification and alternatively argues that detention without individualized custody review violates procedural due process. Reply at 3–9.

Respondents state that Petitioner was scheduled for a master calendar hearing in his removal case on October 1, 2026. Resp. at 2. The Notice to Appear, the charging document in that case, also lists October 1 as a hearing date. [ECF No. 5-2 at 1]. Respondents cite a September 17 Notice of Hearing as "Exhibit F," but that exhibit was not filed with the Response. Resp. at 2; [ECF Nos. 5-1–5-5]. The present record does not establish what occurred at the scheduled hearing or whether an immigration judge has entered a removal order.

The existence and finality of any removal order are material to the statutory basis for continued detention. An order becomes administratively final upon affirmance by the Board of Immigration Appeals or expiration of the period for seeking its review. 8 U.S.C. § 1101(a)(47)(B). Administrative finality is one of the dates governing commencement of the removal period under § 1231(a)(1)(B), which supplies a detention framework distinct from the provisions the parties have briefed. This Court therefore requires information regarding the outcome of the hearing, any removal order, and the status of any appeal or stay to determine whether the existing briefing addresses Petitioner's current detention status.

Separately, the scheduled removal hearing does not establish whether Petitioner received the bond hearing he seeks. Custody and bond proceedings are separate from removal proceedings. 8 C.F.R. § 1003.19(d). Petitioner alleges that he had not received an individualized bond hearing and requests specific procedural protections, including that the Government bear the burden of proving danger or flight risk by clear and convincing

evidence. Pet. ¶¶ 4, 60–65, at 12–13. The present record includes no information regarding a subsequent bond ruling. [ECF Nos. 5-1–5-5, 6]. Clarification is therefore necessary concerning whether a bond hearing was requested or held and the result and procedures of any hearing that occurred. Section 2243 authorizes an amended return and requires this Court to determine the facts concerning the detention. A limited supplemental response addressing these missing records is therefore warranted and appropriate. This Court reserves ruling on the merits of the statutory and constitutional issues raised.

Respondents also request dismissal of four supervisory officials named in their official capacities: Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; David J. Venturella, Acting Director of U.S. Immigration and Customs Enforcement; Todd Blanche, Attorney General of the United States; and Garrett J. Ripa, Field Office Director for Immigration and Customs Enforcement's Miami Enforcement and Removal Operations office (collectively, "Supervisory Respondents"). Pet. ¶¶ 7–10; Resp. at 1 n.1, 11. Petitioner does not oppose dismissal if his immediate custodian remains a Respondent and the Petition proceeds on its merits. Reply at 9.

The usual respondent to a challenge to present physical confinement is the immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Although the Supreme Court reserved whether the Attorney General is a proper respondent in an immigration habeas case, *id.* at 435 n.8, Rule 21 permits this Court to drop parties on just terms, as applicable through Rule 81(a)(4). The Petition names the Warden or Facility Administrator of the Broward Transitional Center ("Warden") as Petitioner's immediate custodian, and Respondents identify that facility as his place of detention. Pet. ¶¶ 5–6; Resp. at 2. Because the Warden will remain to answer the detention challenge, dismissing the Supervisory Respondents will not

interrupt review of the Petition. The unopposed request is therefore due to be granted without prejudice.

Accordingly, and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Respondents **SHALL** refrain from transferring Petitioner out of the jurisdiction of this Court during the pendency of this proceeding.
2. Respondents' request in the Response **[ECF No. 5]** to dismiss the Supervisory Respondents is **GRANTED in part**. Markwayne Mullin, David J. Venturella, Todd Blanche, and Garrett J. Ripa are **DISMISSED WITHOUT PREJUDICE** as Respondents. The Clerk **SHALL TERMINATE** those four Respondents as parties in this action. The Warden remains a Respondent, and the case shall remain OPEN and pending as to the Warden.
3. Within five (5) days of this Order, the Warden shall file a supplemental response advising this Court:

    (a) whether Petitioner remains detained, his current place of detention and immediate custodian, and the statutory authority asserted for his continued detention;

    (b) whether Petitioner requested a bond hearing, and, if so, the outcome , reasons, burden and standard of proof, and appeal status of any custody ruling. If no hearing occurred, expressly state that fact;

    (c) what occurred at the scheduled October 1, 2026 removal hearing, whether removal proceedings remain pending, and the date and nature of the next scheduled proceeding; and

(d) whether a removal order has been entered; whether and when it became administratively final; whether appeal was waived or an appeal was filed with the Board of Immigration Appeals; whether a petition for review was filed; and the status of each appeal and any stay. Explain any resulting change in the asserted detention authority.

4. The Warden shall attach the September 17 Notice of Hearing, any removal order, and the records supporting the supplemental response, including any bond request, custody decision, and appeal or stay. If a requested record does not exist or is unavailable, the Warden shall expressly so state and explain its absence.

5. Petitioner may file a supplemental reply within five (5) days after the supplemental response is filed. The reply shall be limited to the status information and supporting records provided. No further briefing is permitted absent leave of this Court.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 5th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record